**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 97-40928
Summary Calendar

RONALD J. HOLLEMAN,

                                        Plaintiff-Appellant,

versus

WAYNE SCOTT, Director,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION, ET AL.,

                                        Defendants,

MILTON BROCK, Assistant Warden;
ALFRED JANICEK, Field Major;
LLOYD ASCHBERGER, Physician Assistant,
Estelle Regional Medical Facility,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:96-CV-32
- - - - - - - - - -
May 28, 1998

Before JONES, SMITH and STEWART, Circuit Judges:

PER CURIAM:[*]

    Ronald J. Holleman, Texas prisoner # 297567, appeals the district court's order dismissing

his 42 U.S.C. § 1983 case as frivolous.  Appellee's motion to strike exhibits is DENIED AS MOOT

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is
not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as the court decided the case based upon the district court record; no records attached to appellate briefs were used in the resolution of this case. Holleman's complaint, liberally construed, alleges that defendant Brock, motivated by racial animus or retaliatory motives, conspired with the other defendants to alter Holleman's medical restrictions and to force him to work beyond his capabilities. The district court improperly relied upon prison records to refute these allegations. See Williams v. Luna, 909 F.2d 121, 124 (5th Cir. 1990). The case is remanded for a Spears[1] hearing, at which time the court may use credibility determinations to dismiss the case as frivolous only if it finds that Holleman changes position when exposed to interrogation or conflicting evidence, that major internal inconsistencies exist in his testimony, or that substantial conflicts exist between the testimony of supporting witnesses. Wesson v. Oglesby, 910 F.2d 278, 282 (5th Cir. 1990).

The district court properly dismissed those portions of Holleman's complaint alleging due process violations as precluded by Sandin v. Conner, 515 U.S. 472, 484 (1995), and it correctly found that Holleman's claim that his good time credits were taken without due process of law were premature as he has not pursued his state remedies. See Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir. 1997). To the extent Holleman argues that the disciplinary proceedings were improperly brought in retaliation for his assertion of his constitutional rights, however, they survive. See Woods v. Smith, 60 F.3d 1161, 1165 (5th Cir. 1995).

Holleman challenges the district court's order denying his motion for discovery sanctions. The district court did not abuse its discretion in refusing to award sanctions. See Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 1990). This ruling does not prejudice Holleman's right to

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

reargue, and the district court's right to reconsider, granting additional discovery if such is warranted after a <u>Spears</u> hearing is held.

REMANDED.